### IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**VINSON GIBBS**                                              **PLAINTIFF**

V.                                                           CIV. NO. 14-439

**KELLY SERVICES, INC. AND**
**NISSAN NORTH AMERICA, INC.**                               **DEFENDANT**

### CLERK'S CERTIFICATE

I hereby certify that attached hereto is a true and correct copy of the entire file, including all process, pleadings, and orders, presented to this office for filing, docketed, and filed in this office as of this date in the above-referenced matter.

IN WITNESS HEREOF, I have hereunto set my hand and seal of said Court of Hinds County, First Judicial District, State of Mississippi, this 18th day of August, 2014.



BARBARA DUNN, CLERK OF CIRCUIT COURT OF
HINDS COUNTY, MISSISSIPPI

BY: _____, D.C.

SEAL:

EXHIBIT 1

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

**VINSON GIBBS**                                                     **PLAINTIFF**

**VS**                                                  **CIVIL ACTION NO:** _14-439_

**KELLY SERVICES**                                                **DEFENDANTS**
**AND NISSAN NORTH AMERICA, INC.**

**COMPLAINT**
**(JURY TRIAL REQUESTED)**

COMES NOW, the Plaintiff Vinson, by and through her attorney and files this his complaint against Kelly Services ("Kelly") and Nissan North America, Inc ("Nissan") and would show the following, to-wit:

**INTRODUCTION**

1. This action seeks recover under, inter alia, Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 1983 (Section 1983) for retaliation for reporting an unlawful employment practice and the Americans with Disabilities Act of 1973, ("ADA") for termination due to a perceived disability by the employer and for interference in his rights to use Family Medical Leave Act (29 U.S.C. § 2615).

2. The Plaintiff seeks recover because it is an unlawful employment practice for an employer to discriminate against present or former employees or job applicants, for an employment agency to discriminate against an individual or for a union to discriminate against its members or applicants for membership, because they opposed any practice made an unlawful employment practice by the statutes, or because they have made a charge, testified, assisted or participated in any manner in an

investigation, proceeding, or hearing under the statutes by Section 740(a) of Title VII, Section 207(f) of GINA, Section 4(d) of ADEA, Section 503(a) of the ADA

3. The Plaintiff worked in a co-employment situation with Kelly Services and Nissan North America, Inc.. The Plaintiff was hired by Kelly Services but was supervised, disciplined and was pre-textually fired by Nissan employees after filing a charge with EEOC.

## PARTIES

4. Vinson Gibbs is a resident citizen of Hinds County, Mississippi.

5. Defendant Kelly Services, Inc. is a business corporation who is registered with the Secretary of State for the State of Mississippi and can be served process by CT Corporation at 645 Lakeland East Drive Ste. 101, Flowood, MS 39232 with a principal address at 999 West Big Beaver Road Troy MI 48084-4782.

6. Defendant Nissan North America, Inc. is a foreign business corporation who is registered with the Secretary of State for the State of Mississippi and can be served process by CSC of Rankin County, Inc. at Mirror Lake Plaza 2829 Lakeland Drive, Ste, 1502, Flowood, MS whose principal place of business is One Nissan Way, M.S. A-5-C Franklin, TN 37067.

## JURISDICTION AND VENUE

7. Pursuant to Section 9-7-81 of Mississippi Code Annotated (1973), this Court has subject matter and personal jurisdiction over the parties and meets the amount in controversy.

8. Pursuant to Section 11-11-3 of Mississippi Code Annotated of 1973, venue is proper is Hinds County because the Plaintiff resides in the First Judicial District of Hinds

County, Mississippi.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. On or about August 19, 2013, Plaintiff filed a complaint against the Defendants Kelly Services and Nissan North American, Inc. with Equal Employment Opportunity Commission (EEOC), charging Defendant's with acts violation the American with Disabilities Act of 1990.

10. Plaintiff amended his complaint on January 18, 2014 to add Retaliation and unlawful practices under the Family Medical Leave Act (FMLA) after being terminated by Nissan.

11. Plaintiff received the Right to Sue Letter on or about April 10, 2013. (Exhibit "A")

## STATEMENT OF FACTS

12. The Plaintiff was hired by Kelly Service for a position as a Product Quality Insurance Inspector for Nissan North America, Inc. on August 8, 2012.

13. The Plaintiff received his assignment to Nissan North America, orientation and a handbook from Kelly Services entitled "Nissan Kelly Handbook".

14. The Plaintiff received direction at the job site in regards to his daily tasks and responsibilities from Nissan employees.

15. On May 8, 2013, Mr. Gibb's blood pressure was measured at the onsite clinic and was sent home because the blood pressure was elevated. As a result, Mr. Gibbs missed five hours and thirty minutes from work.

16. Mr. Gibbs was injured experienced and onsite injury which caused him to return to the onsite clinic. Mr. Gibbs was sent home as a result of the injury and upon his return on August 4, 2013, it was determined that his blood pressure was elevated. Again Mr. Gibbs was sent home by the onsite clinic and he was sent home and missed over thirteen hours of work as the absence extended into the next day, August 6, 2013.

17. The absences were determined to be excused but Mr. Gibbs was subjected to an allocation of two points in the no fault attendance control program.

18. Mr. Gibbs became concerned that he was being penalized for the absences and sought the advice of EEOC on or about August 19, 2013.

19. Kelly Services and Nissan North American, Inc. was notified of the Plaintiff's allegations on September 3, 2013 by EEOC.

20. The Plaintiff was terminated on October 13, 2013 and was charged will Falsification of Company Documents. The termination was pre-textual as it was based on the entrance of other Nissan North America employees at the same time the Plaintiff swiped his security badge.

### FAMILY MEDICAL LEAVE ACT OF 1993, 29 U.S.C § 2601, et. seq.
### FIRST CAUSE OF ACTION – INTERFERENCE

21. Paragraphs 1 – 19 above are hereby incorporated by reference as though fully set forth in this claim.

22. During his tenure at Nissan, the Plaintiff became eligible for FMLA benefits because he was employed by Kelly Services since August 8, 2013 and had been employed for at least twelve months.

23. The Plaintiff worked at least 1,250 hours during the previous twelve (12) months.

24. Defendant Kelly Services is covered employers under the FMLA as they employ 50 or more employees.

25. The Plaintiff was eligible for twelve weeks of leave which included intermittent leave based on his medical condition.

26. The Plaintiff had a serious health condition as it required the Defendant's to relieve him from work duties until his blood pressure was controlled. The Plaintiff received multiple treatments by a health care provider under orders of the Defendants.

27. Defendants acted unlawfully when the Plaintiff was not notified of his right to take intermittent family leave under FMLA, if needed due to his blood pressure problem.

28. Plaintiff was entitled to relief under FMLA and denied that entitlement by the Defendant Kelly Services.

29. The Plaintiff alleges that the Defendant Kelly Services did not inform him of his right to take reasonable leave from his employment for medical reasons and therefore interfered with his rights under FMLA.

30. Defendant Kelly Services acted unlawfully when they terminated the Plaintiff without making FMLA available to the Plaintiff.

## RETALIATION

31. Paragraphs 1 – 29 above are hereby incorporated by reference as though fully set forth in this claim.

32. Defendants Nissan and Kelly Services retaliated against the Plaintiff for opposing the actions taken (making his absences unapproved) in violation of FMLA.

33. Defendants retaliated against the Plaintiff for going to the EEOC to determine if the Defendants actions were lawful.

34. Defendants acted unlawfully when they used a pretext to terminate the Plaintiff because he filed charges with the EEOC on August 19, 2013.

35. The Defendants actions against the Plaintiff were willful and intentional and show a reckless disregard for the statutory rights of the Plaintiff.

## AMERICAN WITH DISABLITIES ACT (ADA)

36. Paragraphs 1 – 34 above are hereby incorporated by reference as though fully set forth in this claim.

37. The Plaintiff alleges that he was evaluated by an onsite nurse at the request of the Defendants and it was determined that his blood pressure was elevated on May 28, 2014.

38. The Plaintiff was sent home and charged with one absence point as defined in the Nissan Kelly policy manual charged against him as an approved absence.

39. The Plaintiff was sent home again on August 5, 2014. The Plaintiff was charged with approved absences.

40. The Plaintiff was treated as if he had a disability when they required that he leave work and therefore the Plaintiff is disabled pursuant to the requirements of the Americans with Disabilities Act.

41. The Plaintiff became concerned and questioned the fact that he had been charged with unapproved absences.

42. Plaintiff's impairment was perceived by the Defendants as constituting a substantially limiting impairment.

43. The Plaintiff's impairment was substantially limiting because of attitudes of the Defendants toward the impairment;

44. The Plaintiff's impairment was regarded by the Defendants as a substantially limiting impairment for the Plaintiff.

## DAMAGES

45. Paragraphs 1 – 43 above are hereby incorporated by reference as though fully set forth in this claim.

46. Defendants are liable to the Plaintiff for monetary and equitable relief which include liquidated (double) damages due to the denial of wages and benefits by the Defendants.

47. Defendants are liable to the Plaintiff for lost wages and benefits during the period starting October 13, 2013 to present.

48. Defendants are liable to the Plaintiff for attorney fees and the cost of litigating the action.

49. Defendant is liable to the Plaintiff for wages and benefit that he would have earned had he not been terminated starting October 13, 2013 to present.

50. Defendant is liable to the Plaintiff for emotional and physical pain and suffering.

51. Defendant is liable to the Plaintiff for compensatory damages up to the maximum allowed.

52. Defendant is liable to the Plaintiff for attorney's fees for having to litigate the unlawful acts under the Americans with Disability Act.

53. Defendants should be liable for punitive damages because of the Defendant's intention acts against the Plaintiff.

54. Defendants are liable to the Plaintiff for front pay for all earnings that were loss as a result of the ADA violation.

WHEREFORE, Plaintiff demands judgment as set forth below.

## DEMAND FOR JURY TRIAL

55. Paragraphs 1 – 41 above are hereby incorporated by reference as though fully set forth in this claim.

56. The Plaintiff hereby requests a jury trial.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Honorable Court:

a)   Accept jurisdiction over this matter, including any pendants claim(s);

b)   Empanel a jury to hear and decide all questions of fact;

c)   Award to Plaintiff medical expenses and costs;

d)   Award to Plaintiff compensatory damages against the Defendant;

e)   Award punitive damages against Defendant for its malicious and spiteful discriminatory practices;

f)   Award to Plaintiff all costs, disbursements, pre-judgment interest, post-judgment interest, expert witness fees and reasonable attorney's fees allowed under actions brought pursuant to Title VII, ADA and FMLA and Mississippi common law;

g)   Permanently enjoin the Defendant, its assigns, successors, agents, employees and those acting in concert with it from engaging in employment retaliation against Plaintiff; and,

h)   Enter any other order the interests of justice and equity require.

This, the 9th day of July, 2014.

Respectfully submitted,

*Earnestine Alexander*
Earnestine Alexander (MSB# 102392)
Attorney for Vinson Gibbs
P O Box 521
Tougaloo, MS 39174

EEOC Form 161 (11/09)                U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Vinson Gibbs<br>2606 Kingsroad Avenue<br>Jackson, MS 39213 | From: | Jackson Area Office<br>100 West Capitol Street<br>Suite 338<br>Jackson, MS 39269 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is
    CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 423-2013-02111 | Joyce B. Simelton,<br>Investigator | (601) 948-8406 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_Wilma Jones Scott_                    04/10/2014
Wilma Scott,                           (Date Mailed)
Director

Enclosures(s)

cc:
Diana Marantza
Diversity Consultant
KELLY SERVICES
999 West Big Beaver
Troy, Michigan 48084-4782



EXHIBIT
A

Enclosure with EEOC
Form 161-B (11/09)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should keep a record of this date. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* to you (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit **before 7/1/10** – not 12/1/10 – in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please make your review request **within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

# MEMORANDUM

## RECOMMENDATION FOR CLOSURE

TO: WILMA SCOTT, AREA DIRECTOR

CHARGE NO. 423-2013-02111
423-2013-02106

FROM: J. B. SIMELTON, FEDERAL INVESTIGATOR

SUBJECT: VINSON GIBBS    V    KELLY SERVICES & NISSAN

        CHARGING PARTY      RESPONDENT

I recommend dismissal/closure of this charge based on the following:

- [ ] Failure to State a Claim
- [ ] No Covered ADA Disability
- [ ] Too Few Employees/Members
- [ ] Untimely
- [X] Not Reasonable Cause
- [ ] Other Duplicate Charge

- [ ] Settlement/Mediation (including withdrawals with benefits and successful conciliations)
- [ ] Withdrawal without Benefits
- [ ] Right to Sue (Issued on Request)
- [ ] Director must certify: processing unlikely to be completed within 180 days of filing (Title VII/ADA).

Specific information in support of recommendation/decision:

**Charging Party's Allegations:**
Charging Party alleges she was hired as a Product Quality Insurance Inspector. He was assigned to work at the Nissan facility. In May and August 2013 and continuing when his blood pressure was measured by the nurse at the onsite clinic, he was sent home and the employer gave him four points for each absence because he was sent home sick. Charging Party believes Respondent's policy is discriminatory on its face in that it discriminates against individuals because of illness or disability. Charging Party further states that he does not believe leaving work because of an illness should adversely affect an employee. Charging Party adds he was given a total of four points or 2 points. Charging Party believes he has been discriminated against in violation of the American With Disabilities Act of 1990 (TABS B &C).

**Respondent's Position**
Charging Party was hired by Kelly Services and paid by Kelly Services to work at the Nissan Plant. Respondent denies having prior knowledge that the Charging Party had an alleged disability. Respondent maintains the Charging Party never offered any information pertaining to his disability. Respondent maintains the Charging Party was invited to engage in the process too request time off without accruing attendance points, under family medical leave. Respondent maintains Charging Party refused to follow the process. Respondent maintains the Charging Party was aware of the attendance policy upon hire and was invited to engage in the process without accruing attendance points, specifically under the Family Medical Leave Act. Charging Party did not participate and was issued a verbal reminder on April 29, 2013(TAB D).

**POLICY**
Respondent's policy states that protected absences are protected from points. Protected absences are defined as FMLA or disability leave, approved worker's compensation, approved personal leave, military leave and time missed due to a company decision. Respondent maintains the CP never requested an accommodation from Kelly for an alleged disability and was never regarded as disabled (See Policy TAB D).

Nissan was not the Charging Party's employer as described by the American With Disabilities Act or other statutes enforced by the United States Equal Employment Opportunity Commission.

**Conclusion:**
It is the recommendation of the investigator of record that a finding of nocause be issued in this instant charge of discrimination. Respondent has a policy in place that could have protected the Charging Party from receiving points for absences the policy was not utilized by the Charging Party. It is the recommendation of the investigator of record that a finding of no cause be issued in these instant charges of discrimination.

Decision/
Recommendation approved by: _____ 4/10/14
                                     (Signature)            (Date)

Date Mailed: 01/08/2014                                           Docket Number: 160205

Dated and mailed on 01/08/2014.

Kim D Nelson
Administrative Law Judge

## APPEAL RIGHTS

This decision will become final on **01/22/2014**, which is fourteen (14) calendar days from the date this decision was mailed, unless you file an appeal with the Board of Review and/or request a rehearing of the case by **01/22/2014**. If you failed to appear at the initial hearing you should include the reasons you failed to attend. The Administrative Law Judge and/or the Board of Review may determine if good cause exists to grant any rehearing request. An appeal and rehearing request may be filed using one of the following methods:

| | |
|---|---|
| Online: | Visit www.mdes.ms.gov |
| Phone: | 601-321-6503 or 1-866-633-7041 |
| FAX: | 601-321-6238 or 1-877-994-6329 |
| Mail: | MDES Board of Review, PO Box 1699, Jackson MS 39215-1699 |

When an appeal is filed to the Board of Review, it will be considered on the record previously made and no hearing before the Board will be scheduled.

**Claimant Instructions:** Should an appeal be filed and you remain unemployed, you should continue to file weekly certifications until you receive a decision from the Board. In the event the Board finds in your favor, benefits will be paid only for those weeks that are filed, if otherwise eligible.


16480339
R-01/2008

147
www.mces.ms.gov

Mississippi Department of Employment Security is an equal opportunity employer.
Auxiliary aids and services are available upon request to individuals with disabilities.

Page 4 of 4

Case 3:14-cv-00439-WLK Document # 2-1 Filed: 07/09/2014 Page 1 of 2

**COVER SHEET**
**Civil Case Filing Form**
(To be completed by Attorney/Party Prior to Filing of Pleading)

Mississippi Supreme Court — Form AOC/01
Administrative Office of Courts (Rev 2009)

Court Identification Docket #: 25 / 1 / C1
County #: 25   Judicial District: 1   Court ID (CH, CI, CO): C1
Case Year: 2014
Docket Number: 439

Month/Date/Year: 07/09/14

In the **CIRCUIT** Court of **HINDS** County — Judicial District: ---

**Origin of Suit** (Place an "X" in one box only)
[X] Initial Filing
[ ] Reinstated
[ ] Remanded
[ ] Reopened
[ ] Foreign Judgment Enrolled
[ ] Joining Suit/Action
[ ] Transfer from Other court
[ ] Appeal
[ ] Other

**Plaintiff** - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form

Individual — Last Name: **GIBBS**    First Name: **VINSON**    Maiden Name: ___    M.I.: ___   Jr/Sr/III/IV: ___

___ Check (x) If Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of ___

___ Check (x) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency ___

Business: ___

___ Check (x) If Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A ___

Address of Plaintiff: **2806 Kingsroad Avenue, Jackson, MS**

Attorney (Name & Address): **E. Alexander, P O Box 521, Tougaloo, MS 39174**    MS Bar No.: **102392**

___ Check (x) if Individual Filing Initial Pleading is NOT an attorney
Signature of Individual Filing: *Earnestine Alexander*

**Defendant** - Name of Defendant - Enter Additional Defendants on Separate Form

Individual — Last Name: ___   First Name: ___   Maiden Name: ___   M.I.: ___   Jr/Sr/III/IV: ___

___ Check (x) If Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of ___

[X] Check (x) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency ___

Business: **Kelly Services**

___ Check (x) If Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A ___

Attorney (Name & Address) - If Known: ___   MS Bar No.: ___

**Damages Sought:** Compensatory $ ___   Punitive $ ___   [ ] Check (x) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

**Nature of Suit** (Place an "X" in one box only)

*Domestic Relations*
- [ ] Child Custody/Visitation
- [ ] Child Support
- [ ] Contempt
- [ ] Divorce: Fault
- [ ] Divorce: Irreconcilable Diff.
- [ ] Domestic Abuse
- [ ] Emancipation
- [ ] Modification
- [ ] Paternity
- [ ] Property Division
- [ ] Separate Maintenance
- [ ] Termination of Parental Rights
- [ ] UIFSA (eff 7/1/97; formerly URESA)
- [ ] Other ___

*Appeals*
- [ ] Administrative Agency
- [ ] County Court
- [ ] Hardship Petition (Driver License)
- [ ] Justice Court
- [ ] MS Dept Employment Security
- [ ] Worker's Compensation
- [ ] Other ___

*Business/Commercial*
- [ ] Accounting (Business)
- [ ] Business Dissolution
- [ ] Debt Collection
- [X] Employment
- [ ] Foreign Judgment
- [ ] Garnishment
- [ ] Replevin
- [ ] Other ___

*Probate*
- [ ] Accounting (Probate)
- [ ] Birth Certificate Correction
- [ ] Commitment
- [ ] Conservatorship
- [ ] Guardianship
- [ ] Heirship
- [ ] Intestate Estate
- [ ] Minor's Settlement
- [ ] Muniment of Title
- [ ] Name Change
- [ ] Testate Estate
- [ ] Will Contest
- [ ] Other ___

*Children/Minors - Non-Domestic*
- [ ] Adoption - Contested
- [ ] Adoption - Uncontested
- [ ] Consent to Abortion Minor
- [ ] Removal of Minority
- [ ] Other ___

*Civil Rights*
- [ ] Elections
- [ ] Expungement
- [ ] Habeas Corpus
- [ ] Post Conviction Relief/Prisoner
- [ ] Other ___

*Contract*
- [ ] Breach of Contract
- [ ] Installment Contract
- [ ] Insurance
- [ ] Specific Performance
- [ ] Other ___

*Statutes/Rules*
- [ ] Bond Validation
- [ ] Civil Forfeiture
- [ ] Declaratory Judgment
- [ ] Injunction or Restraining Order
- [ ] Other ___

*Real Property*
- [ ] Adverse Possession
- [ ] Ejectment
- [ ] Eminent Domain
- [ ] Eviction
- [ ] Judicial Foreclosure
- [ ] Lien Assertion
- [ ] Partition
- [ ] Tax Sale: Confirm/Cancel
- [ ] Title Boundary or Easement
- [ ] Other ___

*Torts*
- [ ] Bad Faith
- [ ] Fraud
- [ ] Loss of Consortium
- [ ] Malpractice - Legal
- [ ] Malpractice - Medical
- [ ] Mass Tort
- [ ] Negligence - General
- [ ] Negligence - Motor Vehicle
- [ ] Product Liability
- [ ] Subrogation
- [ ] Wrongful Death
- [ ] Other ___

IN THE <u>CIRCUIT</u> COURT OF <u>HINDS</u> COUNTY, MISSISSIPPI

_____ JUDICIAL DISTRICT, CITY OF _____

Docket No. <u>2014</u> - <u>439</u>       Docket No. If Filed
   File Yr   Chronological No.   Clerk's Local ID       Prior to 1/1/94 _____

**PLAINTIFFS IN REFERENCED CAUSE - Page 1 of __ Plaintiffs Pages
IN ADDITION TO PLAINTIFF SHOWN ON CIVIL CASE FILING FORM COVER SHEET**

**Plaintiff #2:**

**Individual:** _____ _____ (_____) _____ _____
   Last Name   First Name   Maiden Name, If Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
   Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:
   D/B/A _____

**Business** <u>Nissan North America</u>
   Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:
   D/B/A _____

**ATTORNEY FOR THIS PLAINTIFF:** _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Plaintiff #3:**

**Individual:** _____ _____ (_____) _____ _____
   Last Name   First Name   Maiden Name, If Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
   Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:
   D/B/A _____

**Business** _____
   Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:
   D/B/A _____

**ATTORNEY FOR THIS PLAINTIFF:** _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Plaintiff #4:**

**Individual:** _____ _____ (_____) _____ _____
   Last Name   First Name   Maiden Name, If Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
   Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:
   D/B/A _____

**Business** _____
   Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:
   D/B/A _____

**ATTORNEY FOR THIS PLAINTIFF:** _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY, MISSISSIPPI

**VINSON GIBBS**  PLAINTIFF

**VS**  CIVIL ACTION NO. _14-439_

**KELLY SERVICES, INC. AND
NISSAN NORTH AMERICA, INC.**  DEFENDANTS

### SUMMONS

**THE STATE OF MISSISSIPPI
COUNTY OF HINDS**

TO:  Nissan North America, Inc.
     CSC of Rankin County
     2829 Lakeland Drive
     Ste. 1502
     Flowood, MS  39232

### NOTICE TO DEFENDANT

**THIS COMPLAINT OR PETITION WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand deliver a copy of a written response to the Complaint to EARNESTINE ALEXANDER, the attorney for the Plaintiff, whose post office address is P. O. Box 521, Tougaloo, MS  39174. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a Judgment by default will be entered against you for the money or other things demanded in the Complaint. You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

This the ___9___ day of ___July___, 2014.

_____, DC.
CIRCUIT CLERK

Prepared By:

*Earnestine Alexander*

**EARNESTINE ALEXANDER, MSB #102392**
**6512 DOGWOOD VIEW PARKWAY, SUITE E**
**JACKSON, MS 39213**
**TELEPHONE: (601) 981-1401**

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF
HINDS COUNTY, MISSISSIPPI**

**VINSON GIBBS**                                                                 **PLAINTIFF**

**VS**                                                       **CIVIL ACTION NO.** _14-439_

**KELLY SERVICES, INC. AND
NISSAN NORTH AMERICA, INC.**                                         **DEFENDANTS**

**SUMMONS**

**THE STATE OF MISSISSIPPI
COUNTY OF HINDS**

TO:   Kelly Services
      CT Corporation
      645 Lakeland East Drive
      Ste. 101
      Flowood, MS  39232

**NOTICE TO DEFENDANT**

**THIS COMPLAINT OR PETITION WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand deliver a copy of a written response to the Complaint to EARNESTINE ALEXANDER, the attorney for the Plaintiff, whose post office address is P. O. BOX 521, TOUGALOO, MS. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a Judgment by default will be entered against you for the money or other things demanded in the Complaint. You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

This the ___9___ day of ___July___, 2014.

_____, DC.
CIRCUIT CLERK

**Prepared By:**

*Earnestine Alexander*
**EARNESTINE ALEXANDER, MSB #102392**
**6512 DOGWOOD VIEW PARKWAY, SUITE E**
**JACKSON, MS 39213**
**TELEPHONE: (601) 981-1401**